IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHANCE DANIELS,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　　)　　Civil No. 10-1091-JO
　　　　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　　　　)　　OPINION AND ORDER
　　　　　　　　　　　　　　　　　　　　)
NETOP TECH, INC.,　　　　　　　　　　　)
a foreign business corporation,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　　　)

　　　Alan A. Lave
　　　LAW OFFICES OF ALAN A. LAVE, LLC
　　　621 S.W. Morrison Street, Suite 140
　　　Portland, OR  97205-3804

　　　　Attorney for Plaintiff

　　　Allyson S. Krueger
　　　HITT HILLER MONFILS & WILLIAMS, LLP
　　　411 S.W. Second Avenue, Suite 400
　　　Portland, OR  97204

　　　David B. Ritter
　　　Gray I. Mateo-Harris
　　　NEAL GERBER & EISENBERG, LLP
　　　Two North La Salle Street
　　　Chicago, IL  60602

　　　　Attorneys for Defendant

JONES, Judge:

Plaintiff filed this action in Multnomah County Circuit Court on August 9, 2010, alleging claims for employment discrimination and retaliation under the whistle blower statutes, ORS 659A.199 and .230, against his former employer, defendant Netop Tech, Inc. ("Netop"), and a claim for aiding and abetting under ORS 659A.030(1)(g) against his supervisor, defendant Kirk Greiner. On September 13, 2010, defendants removed the action to this court on the basis of diversity jurisdiction.

The case is now before the court on defendants' motion to dismiss (# 4) Count III of plaintiff's Complaint, and plaintiff's motion to remand (# 11). For the reasons explained below, defendants' motion is denied, plaintiff's motion is granted, and this action is remanded to state court for all further proceedings.

### STANDARDS

1. <u>Motion to Remand</u>

A state court action may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332(a), district courts exercise original diversity jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and, as relevant, the parties are citizens of different states.

A motion to remand is the proper procedure for challenging removal. <u>Babasa v. LensCrafters, Inc.</u>, 498 F.3d 972, 974 (9th Cir. 2007). The removal statute is strictly construed, and the court resolves any ambiguity in favor of remand. <u>Hunter v. Philip Morris USA</u>, 582 F.3d

1039, 1042 (9th Cir. 2009). The "burden of establishing the contrary rests on the party asserting jurisdiction." Id. (internal quotations and citation omitted).

Although a valid removal based on diversity jurisdiction "requires complete diversity of citizenship," "one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant and the failure is obvious according to the settled rules of the state." Hunter, 582 F.3d at 1043 (internal quotations and citation omitted). Under that exception, the district court ignores the presence of the non-diverse defendant for the purpose of establishing jurisdiction. Morris, 236 F.3d at 1067.

To resolve fraudulent joinder claims, the court may look beyond the pleadings and consider evidence similar to that offered in summary judgment proceedings. Morris, 236 F.3d at 1068 (citing Cavallini v. State Farm Mutual Auto Ins. Co., 44 F.3d 256, 263 (5th Cir. 1995)).

2.  Motion to Dismiss

Dismissal under Rule 12(b)(6) for failure to state a claim is proper only if the pleadings fail to allege sufficient facts to establish a plausible entitlement to relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007):

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations. . . , a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

3 - OPINION AND ORDER

(Citation and some internal quotations omitted; original emphasis deleted); see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. The court accepts as true the allegations in the complaint and construes them in the light most favorable to the non-moving party. Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005); see also Intri-Plex Technologies, Inc. v. Crest Group, Inc., 499 F.3d 1048, 1050 n.2 (9th Cir. 2007).

## DISCUSSION

Plaintiff contends this court does not have jurisdiction over this matter because Greiner is a citizen of Oregon, and, therefore, diversity of citizenship does not exist between the parties. Greiner concedes that he is a citizen of Oregon, but contends the court should disregard his non-diverse status because plaintiff has failed to state a valid claim against him under Oregon law.

1.      Factual Background

Plaintiff's sole claim (Count III) against Greiner is for aiding and abetting unlawful retaliation under ORS 659A.030(1)(g). In brief, the background of plaintiff's claim, drawn from his Complaint and the parties' submissions, is as follows. Plaintiff states that Greiner was defendant Netop's Senior Vice President and General Manager and plaintiff's immediate supervisor. Declaration of Chance Daniels ("Daniels Decl.") , ¶ 5; Complaint, ¶ 3. According to plaintiff, in his role as Senior Network Administrator for Netop, he learned from the Business Software Alliance ("BSA") that Netop might have installed illegally duplicated copyrighted Microsoft software on its computers. Plaintiff claims that he had numerous discussions with

Greiner about Netop's use of the Microsoft software, and told him that he "was not going to participate in the cover-up of these illegal activities. . . ." Daniels Decl., ¶ 7. Plaintiff states that "Greiner did not want to discuss my concerns and was dismissive towards me." Id.

In March 2010, plaintiff prepared a software inventory audit as part of the BSA issue and forwarded it to Henrik Klitgard, the Global IT Team Leader of Netop's parent company in Denmark, Netop Solutions A/S. Daniels Decl., ¶ 8; Complaint, ¶ 15. Plaintiff states that Klitgard directed him to delete some of the Microsoft licenses from the inventory. Daniels Decl., ¶ 8; Complaint, ¶ 13. Plaintiff again informed Greiner, who again "did not want to discuss my concerns and was dismissive towards me." Daniels Decl., ¶ 8.

On May 4 and again on May 6, 2010, plaintiff instructed the Chicago IT staff to stop an operating system upgrade because Netop did not have a valid license from Microsoft for the software. Daniels Decl., ¶¶ 9-10; Complaint, ¶¶ 15-16. Plaintiff alleges that a few hours later on May 6, 2010, Greiner terminated his employment based on "fundamental differences" between plaintiff and Netop "regarding the management of Netop's IT resources." Complaint, ¶ 16.

2.      Plaintiff's Claim for Aiding and Abetting

As mentioned, plaintiff's claims against Netop are for allegedly violating the Oregon Whistleblower Act, ORS 659A.199 et seq., by terminating him in retaliation for reporting in good faith information that he believed was evidence of a violation of federal and/or state law. Complaint, ¶¶ 19, 27. Plaintiff's claim against Greiner is for allegedly aiding and abetting Netop's alleged unlawful employment practices in violation of ORS 659.030(1)(g), which provides that:

It is an unlawful employment practice:

5 - OPINION AND ORDER

\* \* \*

> For any person, whether an employer or an employee, to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter or to attempt to do so.

According to defendants, plaintiff's complaint is "entirely devoid of any accusations of wrongdoing by Defendant Greiner." Memorandum in Support of Motion to Dismiss Count III, p. 2. Greiner offers the declarations of Henrik Klitgard and Kent Madsen, Chief Technology Officer for Netop's parent company in Denmark, to the effect that they, not Greiner, made the decision to terminate plaintiff. See Defendants' Response in Opposition to Plaintiff's Motion for Remand, Exhibits C and D.

While the Klitgard and Madsen declarations raise a factual issue concerning who made the decision to terminate plaintiff, no one denies that Greiner was the messenger. Considering all of the parties' submissions, Greiner's role of authority in the company and as plaintiff's direct supervisor, and Greiner's first-hand knowledge of plaintiff's concerns and alleged refusal to take action, I cannot conclude that as a matter of law, plaintiff cannot prevail on a claim of aiding and abetting under Oregon law. Whether plaintiff's complaint is sufficient under state court, as opposed to federal court, pleading rules is not an issue I must decide. Defendants' motion to dismiss the claim in this court is denied; consequently, plaintiff's motion for remand is granted.

6 - OPINION AND ORDER

CONCLUSION

Defendants' Motion to Dismiss Count III (# 4) is DENIED and Plaintiff's Motion for Remand (# 11) is GRANTED. This action is remanded to state court for all further proceedings. Any other pending motions are denied as moot.

DATED this 13th day of January, 2011.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

7 - OPINION AND ORDER